UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AUBREY AND KRISTIN MITCHELL                CIVIL ACTION

VERSUS

NO. 26-50-JWD-EWD

ATMOS ENTERGY CORPORATION, ET AL.

## NOTICE AND ORDER

This is a civil action for personal injury damages arising out of a gas pipeline explosion.[1] On December 11, 2025, Aubrey and Kristin Mitchell ("Plaintiffs" or "Aubrey") filed their Petition for Damages ("Petition") against Atmos Energy Corporation, Atmos Energy Corporation—Mississippi (together, the "Atmos Defendants"), TD Williamson, LLC, TD Williamson, Inc., TD Williamson Holdings, LLC (together, the "TD Williamson Defendants"), TDW (US), Inc., Eric Vice ("Vice"), S.J. Patterson Company, L.L.C., Taylor Construction Company, Inc. of MS, and Taylor Construction Company, Inc. in Louisiana state court.[2] The Petition alleges that Aubrey suffered severe injuries due to an explosion of a gas pipeline owned by the Atmos Defendants and Plaintiff Kristin Mitchell suffered a loss of consortium with Aubrey because of his injuries.[3] On January 14, 2026, Atmos Energy Corporation and TDW (US), Inc. ("Removing Defendants") removed the matter to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332.[4]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1-1.

[2] R. Doc. 1-1, pp. 1-2.

[3] R. Doc. 1, p. 6, ¶¶ 7-8 and p. 17, ¶ 49.

[4] R. Doc. 1, ¶¶ 13, 22.

The Petition expressly states that Plaintiffs' damages exceed $75,000, exclusive of interest and costs.[5]  Therefore, the amount in controversy requirement appears to be met.[6]

*Citizenship of the Parties*

The Notice of Removal ("NOR") alleges that Plaintiffs are "domiciliary residents" of Louisiana based upon the Petition's (somewhat strange) allegation of same; however, the NOR also independently alleges that Plaintiffs are Louisiana citizens, which is sufficient.[7]  The NOR adequately alleges that Atmos Energy Corporation is incorporated under the laws of Texas and Virginia, with its principal place of business in Texas; that TDW (US) Inc. is incorporated and has its principal place of business in Oklahoma; that S.J. Patterson Company, L.L.C. is a limited liability company that unwinds to a single member, S.J. Patterson, who is domiciled in Alabama; that Taylor Construction Company, Inc. of MS and Taylor Construction Company, Inc. are both incorporated and have their principal places of business in Mississippi.[8] Therefore, the citizenship of these defendants is adequately alleged.

However, the NOR does not identify the citizenship of Atmos Energy Corporation—Mississippi, which does not appear to have been dismissed prior to removal based on the state court record attached to the NOR. The NOR also fails to identify the citizenship of the three TD Williamson Defendants, who Removing Defendants contend are improperly joined (discussed *below*).  However, if the TD Williamson Defendants are diverse from Plaintiffs, then the Court

---

[5] R. Doc. 1-1, p. 52.  The nature of the explosion also strongly indicates that Aubrey's claims alone satisfy the amount in controversy requirement. At least one named plaintiff's damages must independently meet the amount in controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

[6] *See* 28 U.S.C. § 1332(a).

[7] R. Doc. 1, ¶¶ 13-14 (alleging Louisiana citizenship), *cf.* ¶ 15 (NOR citing the Petition's allegation that Plaintiffs are "domiciliary residents" of Louisiana).

[8] R. Doc. 1, ¶¶ 17-21.

2

need not reach the issue of whether they are improperly joined for the purposes of determining subject matter jurisdiction under § 1332. Accordingly, Removing Defendnats will be ordered to file a motion for leave to file an amended Notice of Removal that properly alleges the citizenship of Atmos Energy Corporation—Mississippi as well as the allegedly improperly joined TD Williamson, LLC[9] and TD Williamson Holdings, LLC.[10]

*Joinder of Vice and the TD Williamson Defendants*

The Petition and NOR affirmatively allege that Vice is a Louisiana citizen, as are Plaintiffs, and the NOR and attached exhibits clarify that both Aubrey and Vice are/were both employed by TWD (US), Inc.[11] However, the NOR asserts that, "The citizenship of Eric Vice cannot defeat diversity jurisdiction because he has been improperly joined."[12] In support of this contention, Removing Defendants argue that Plaintiffs have no cause of action against Vice on two grounds, *namely*: Plaintiffs have not stated a claim for personal liability against Vice, including that Vice did not breach a personal duty to Plaintiffs under Louisiana law. Additionally, Vice is entitled to worker's compensation immunity as Aubrey's co-employee, and Plaintiffs have failed to allege facts establishing that the intentional act exception to Louisiana's worker's compensation laws applies.[13]

---

[9] Baker's Declaration avers that the third TD Williamson Defendant, TD Williamson, Inc., "converted into and now exists as" co-Defendant TD Williamson, LLC as of 2022, which was before the explosion and the Petition was filed. R. Doc. 1-4, ¶ 5. Therefore, only the citizenship of the other two TD Williamson Defendants need be pleaded.

[10] As the NOR recognizes, the citizenship of a corporation is determined by its place of incorporation and principal place of business. *See Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). The citizenship of a limited liability company is determined by that of all of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Each member of a limited liability company or partnership must be specifically identified and citizenship alleged as to each. *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).This may require going through several layers of entities to identify citizenship, such as if a party is an LLC that has members that are also LLCs. General allegations that do not specifically identify each member, and negative allegations of citizenship, are insufficient. *See Truxillo v. American Zurich Ins. Co*., No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016).

[11] R. Doc. 1 and *see* R. Doc. 1-3 (Vice's Declaration) and R. Doc. 1-4 (Tory Baker Declaration).

[12] R. Doc. 1, p. 7(B).

[13] R. Doc. 1, ¶¶ 23, 28-33, 42.

Plaintiff's Petition specifically asserts that Aubrey was injured while "hot tapping" a gas pipeline due in whole or in part to defective equipment, and that Vice, among other defendants, had a duty to inspect the tools and equipment Aubrey used to ensure that the proper equipment was delivered prior to its use in the performance of his work "hot tapping" the pipeline.[14] Plaintiffs' Petition further asserts:

37.

> Petitioners also specifically allege that VICE'S acts and/or omissions described above constitute **an intentional battery** due to VICE'S knowledge to a substantial certainty that an injury would result from his failure to (1) properly brief AUBREY MITCHELL, (2) adequately and properly select and stage the equipment provided to AUBREY MITCHELL, and (3) adequately md properly perform "Pre-Job" testing and staging of the equipment that was provided to AUBREY MITCHELL.[15]

Removing Defendants additionally assert that the TD Williamson Defendants are also improperly joined, as these defendants "are the current and former corporate parents of TDW (US), Inc.," but TDW (US), Inc. is the only entity that designs, manufacturers, ships products, and conducts any operations in the United States. Removing Defendants contend that the TD Williamson Defendants "were not involved with the Atmos job or Plaintiffs' alleged injuries and are not proper parties to this suit."[16] Removing Defendants also contend that Plaintiffs incorrectly assert that Aubrey was employed by a different TD entity than the one that manufactures products, because TDW (US), Inc. is the only entity that both manufactures pipeline products and employed Aubrey.[17] As support for these contentions, Removing Defendants rely on the Declaration of Tory Baker, Vice President and Treasurer of TDW (US), Inc.[18]

---

[14] R. Doc. 1-1, ¶¶ 17-18, 40.

[15] R. Doc. 1-1, ¶ 37 (emphasis added).

[16] R. Doc. 1, ¶ 44.

[17] R. Doc. 1, ¶¶ 45-46 citing R. Doc. 1-1, ¶ 24.

[18] R. Doc. 1-4 (Baker's Declaration attesting to same).

4

The issue of whether the TD Williamson Defendants are improperly joined may not need to be reached, for the purpose of evaluating subject matter jurisdiction, if they are each of diverse citizenship from Plaintiffs. Thus, resolution of the improper joinder of the TD Williamson Defendants and Vice will be deferred until Removing Defendants file their amended Notice of Removal, stating the citizenship of TD Williamson, LLC, T.D. Williamson Holdings, LLC, and Atmos Energy Corporation—Mississippi. After review of the amended NOR, additional briefing will be ordered, including an order for Plaintiffs to address the improper joinder of Vice.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the proper parties are completely diverse.[19] Accordingly,

**IT IS ORDERED** that, **on or before February 3, 2026**, Defendants Atmos Energy Corporation and TDW (US), Inc. shall file a motion for leave to file an amended Notice of Removal with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Defendants' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of Atmos Energy Corporation—Mississippi, TD Williamson, LLC, and TD Williamson Holdings, LLC so that the Court can evaluate diversity jurisdiction in this case, and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED** that additional briefing shall be ordered after the filing of the amended Notice of Removal.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on January 27, 2026.

                                                     **ERIN WILDER-DOOMES**
                                                     **UNITED STATES MAGISTRATE JUDGE**

---

[19] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").